19 F.3d 1438
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Ronald K. SCHOENBORN, Appellant.
 No. 93-2901.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 4, 1994.
Filed: March 15, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald Schoenborn appeals the 151-month sentence imposed by the district court on remand for resentencing. We affirm.
 
 
 2
 Gerald Norquay and Ronald Schoenborn were found guilty of two counts of aggravated sexual abuse (forcible rape). Schoenborn's presentence report (PSR) referred to several uncharged incidents of abuse which allegedly occurred before the incident leading to the forcible-rape charges. There was no testimony regarding these events at the trial or at sentencing. Schoenborn objected to the court's consideration of these facts, and the court agreed to rely only on trial testimony concerning the events of the crime and not on facts set forth in the PSR.
 
 
 3
 At sentencing, the district court departed upward pursuant to U.S.S.G. Sec. 4A1.3, concluding that Schoenborn's criminal history category did not adequately represent the seriousness of his past criminal conduct, and sentenced Schoenborn to 162 months of imprisonment. On appeal, this court affirmed his conviction, but vacated the sentence and remanded because the district court improperly relied on two uncounseled convictions when evaluating Schoenborn's criminal history category. United States v. Norquay, 987 F.2d 475, 482 (8th Cir. 1993).
 
 
 4
 On remand, the district court disregarded the two uncounseled convictions, but found again that Schoenborn's criminal history category inadequately represented his prior criminal conduct. The district court relied on a 1990 tribal court conviction for assault. With a new Guidelines range of 121 to 151 months, the district court sentenced Schoenborn to 151 months. Prior to announcing the sentence, the district court stated that Schoenborn's attack on the victim in this case was "the most vicious and heinous and painful infliction of any of the crimes" it had ever heard. The court further noted aspects of the alleged incidents of abuse mentioned in the PSR which the court had expressly stated it would not consider at Schoenborn's first sentencing hearing.
 
 
 5
 Schoenborn now argues that the district court improperly considered conduct relating to other crimes and that his conduct in this case did not rise to the level of extreme conduct as contemplated under U.S.S.G. Sec. 5K2.8, and, therefore, the district court improperly departed upward.
 
 
 6
 We conclude that the district court departed upward because Schoenborn's past criminal conduct was not adequately reflected by his criminal history score. The court relied on Schoenborn's 1990 tribal court conviction for assault, and we approved of the district court's consideration of that conviction in Norquay. 987 F.2d at 481-82. As a result, the district court's decision to depart upward was not an abuse of discretion. See id. (standard of review).
 
 
 7
 We need not consider Schoenborn's argument that the district court improperly departed upward based on its belief that Schoenborn's conduct was unusually vicious, see U.S.S.G. Sec. 5K2.8, p.s., because the district court expressly relied on other grounds for the departure. We find nothing in the record to indicate that it relied on any guideline provision other than Sec. 4A1.3.
 
 
 8
 Accordingly, we affirm Schoenborn's sentence.